```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
PHYLISS HAUCK,                                         :
                                                       :
                        Plaintiff,                     :
                                                       :
        - against -                                    :      12 Civ. 8949
                                                       :
ADVANCE AUTO PARTS, et al.,                            :      OPINION AND ORDER
                                                       :
                        Defendants.                    :
------------------------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 12, 2013

HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiff Phyllis Hauck ("Hauck") filed this action in the Supreme Court of New York on May 25, 2012, alleging that she was exposed to asbestos manufactured and/or distributed by Defendants throughout the course of her career. On December 10, 2012, Defendant Crane Corporation ("Crane") removed this matter to federal court, based on information contained in an interrogatory response it received from Hauck on November 13, 2012. The same information was contained in Hauck's Initial Fact Sheet ("IFS"), which Hauck asserts was served on Crane, along with the Complaint, on June 6, 2012. Hauck now seeks to remand this action to state court on the grounds that Crane's removal notice was untimely.

      Generally, the notice of removal of a civil action must be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Where it is not clear from the initial pleading that the case is removable, however, the notice of removal "may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is . . . removable." 28 U.S.C. § 1446(b)(3). Crane does not dispute that the receipt of the IFS is sufficient to start the 30 day time limit on filing a notice of removal, but rather that it did

1

not receive the IFS on June 6, 2012. Accordingly, it claims that its notice of removal was timely because it occurred within 30 days of receiving the November 13, 2012 interrogatory response.

In support of its motion, Hauk has submitted an affidavit of service by Jason Martinez, notarized on June 6, 2012, stating that he served both the IFS and the Complaint earlier that day. In response, Crane has submitted an affidavit from Christopher Tilton stating that, "based upon personal knowledge and a review of company log books and records," Crane was served with the Complaint, but not the IFS, on June 7, 2012. Tilton's affidavit does not dispute any other facts contained in Martinez's. This is insufficient to rebut "the presumption of proper service established by the process server's affidavit." Old Republic Ins. Co. v. Pac. Financial Servs. of Am, Inc., 301 F.3d 54, 57 (2d Cir. 2002). "While a sworn affidavit denying service typically requires further investigation by the court, conclusory denials similar to [defendant's] have been found insufficient to necessitate a hearing." DeCurtis v. Upward Bound Int'l Inc., No. 09 Civ. 5378, at *3 (S.D.N.Y. Sept. 27, 2012) (collecting cases); see also Old Republic, 301 F.3d at 58 ("no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." (internal quotation omitted)).

Accordingly, the presumption that Crane received the IFS on June 6, 2012 stands and its notice of removal was untimely. Hauck's motion to remand this matter to the Supreme Court of New York is GRANTED. The Clerk of Court is directed to terminate this case.

Dated: New York, New York
March 12, 2013

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

2